IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP QUINN, :
:
   Plaintiff :
: **CIVIL ACTION NO. 3:04-1894**
vs. :
: (JUDGE NEALON)
JOHN A. PALAKOVICH, ET AL., : (MAGISTRATE JUDGE MANNION)
:
   Defendants :

## MEMORANDUM and ORDER

On August 25, 2004, Plaintiff, an inmate currently incarcerated at SCI-Smithfield, commenced the above-captioned civil rights action pursuant to 42 U.S.C §1983, in which he claims to have suffered injuries while working in the prison kitchen, when he slipped on a greasy substance on the floor, created by a machine in disrepair. He also alleges that he received inadequate medical treatment from prison officials. Defendant Palkovitch, Weaver, Finkle, Moore and Everhart (hereinafter "Moving Defendants") filed a Motion to Dismiss on December 13, 2004 and a brief in support of that motion on December 21, 2004. (Docs. 22-24). Plaintiff filed a Response, a Brief in Opposition and a Counter-statement of Facts on January 24, 2005 (Docs. 32-34).

On April 19, 2005, United States Magistrate Judge Malachy E. Mannion issued a Report and Recommendation in this matter in which he recommended that the Defendant's

Motion to Dismiss be granted in part and denied in part. (Doc. 44). On May 2, 2005, Plaintiff filed objections to the Report and Recommendation.[1] (Doc. 45). The matter is now ripe for disposition. For the reasons set forth below, the Report and Recommendation will be adopted, and the Motion to Dismiss will be granted in part and denied in part.

**Discussion**

When objections to a report and recommendation have been filed, under 28 U.S.C. 636(b)(1)(C), the court must make a *de novo* consideration of those portions of the report which have been objected to. See Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §636(b)(1); Local Rule 72.31. Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The Report and Recommendation determined that Plaintiff's claim against Defendants Palakovich and Weaver, respectively, the prison superintendent and prison medical director, which he concedes are brought solely under a theory of *respondeat superior*, should be dismissed. In his sole objection, Plaintiff maintains that Defendant

---

[1] On April 27, 2005, Plaintiff filed a Motion for an Extension of Time in which to file objections to the Report and Recommendation (Doc. 47), which the court granted on that same day, permitting him until May 26, 2005 to file objections. (Doc. 48). However, the objections were filed forthwith.

Weaver, the prison's medical director, should not be dismissed from the case, asserting he knew or should have known of the alleged sub-standard care rendered by the medical staff under his supervision. He contends that he wrote to Weaver several times concerning the quality of care he felt he was receiving by the prison staff. While conceding Weaver was not a "direct participant," Plaintiff argues that his position and request to him should suffice to establish his liability. The court cannot agree. Well-settled case law holds that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*, *see, e.g.*, Rizzo v. Goode, 423 U.S. 362 (1976), Hampton v. Holmesburg Prison Officials, 1546 F.2d 1077, 1082 (3d Cir. 1976). Moreover, Third Circuit precedent establishes that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement, which the present complaint lacks. Id. Conceding that Weaver was not personally involved while, at the same time, asserting that liability should be premised merely on his supervisory role reiterates the argument at issue and seeks to establish liability under the *respondeat superior* theory which, as stated above, cannot be imposed in a § 1983 cause of action. Defendants Palakovich and Weaver, therefore, will be dismissed as parties in this case.

The Report and Recommendation also found that as to Count IV, in which Plaintiff contends Defendants Finkle, Moore and Everhart, members of the culinary staff, were negligent in failing to render appropriate care by neither repairing the broken machinery

in the prison kitchen nor warning of the danger created by it, be dismissed inasmuch as these individuals were shielded from liability for such a claim under the theory of sovereign immunity.  The same theory also barred recovery against these Defendants in Count VII of the complaint, in which Plaintiff asserts Finkle, Moore and Everhart were liable for the intentional infliction of emotional distress he suffered as a result of the purported slip and fall.  Consequently, Magistrate Judge Mannion recommended that Counts IV and VII be dismissed.

However, while Count II, also averred against Defendants Finkle, Moore and Everhart, could be construed as claiming deliberate indifference to a serious medical need, which could be dismissed for failing to state a claim, the Magistrate Judge determined that the claim was not one for inadequate medical care but rather one for failure to protect, which Plaintiff sufficiently set forth to survive the Motion to Dismiss.  Accordingly, the Report and Recommendation recommended that the Motion to Dismiss be denied with respect to Count II.

No objections were made to these portions of the Report and Recommendation.  After careful review and in the exercise of sound judicial discretion, the Court adopts the Magistrate Judge's Report and Recommendation.

ACCORDINGLY, THIS 6th DAY OF MAY, 2005, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 44) is ADOPTED;

2. Defendants Palakovich and Weaver are DISMISSED as parties to this action.

3. Counts IV and VII of Plaintiff's complaint are DISMISSED.

3. The case is remanded to the Magistrate Judge for further proceedings consistent with this order.

            s/ William J. Nealon
            United States District Judge