IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAR 1 4 2006
PER _____ DEPUTY CLERK

PHILLIP QUINN,

    Plaintiff

vs.

JOHN A. PALAKOVICH, ET AL.,

    Defendants

CIVIL ACTION NO. 3:04-1894

(JUDGE NEALON)
(MAGISTRATE JUDGE MANNION)

## MEMORANDUM and ORDER

**Background**

On August 25, 2004, Plaintiff, an inmate currently incarcerated at SCI-Smithfield, commenced the above-captioned civil rights action pursuant to 42 U.S.C §1983. Plaintiff alleged that he was injured, while working in the prison kitchen, when he slipped on a greasy liquid substance on the floor which emanated from a kitchen machine that was in disrepair. He also claimed that he received inadequate medical treatment for the resulting injury. (Doc.1). On December 13, 2004, Defendants Finkle, Moore, Everheart, Palakovich and Weaver (Corrections Defendants) filed a motion to dismiss.[1] (Doc. 22). The motion to dismiss was granted in part and denied in part. (Docs. 27 & 51). The counts

---

[1] Subsequent to the motion to dismiss, Defendants Palakovich and Weaver were dismissed from the instant action. (Docs. 44 & 51).

which remained after the motion to dismiss allege violations of the Eighth Amendment and negligence by the various defendants. (Doc. 1).

On April 27, 2005, Plaintiff filed a motion for preliminary injunction (Doc. 45). The Corrections Defendants filed a brief in opposition to this motion on May 9, 2005. (Doc. 52). Defendants Long, Berger, and Hoffman ("Medical Defendants") filed their brief in opposition to the motion for preliminary injunction on May 10, 2005. (Doc. 54). Plaintiff field his reply brief on June 7, 2005. (Doc. 61).

On September 9, 2005 the Corrections Defendants and the Medical Defendants filed separate motions for summary judgment. (Docs. 69 & 71). Plaintiff filed his briefs in opposition to these motions on October 28, 2005 and October 25, 2005 respectively. (Docs. 85 &81).

On January 27, 2006, United States Magistrate Judge Malachy E. Mannion issued a Report in which he recommended that: (1) the Correction Defendants' motion for summary judgment be granted; (2) the Medical Defendants' motion for summary judgment be granted; (3) the Plaintiff's motion for preliminary injunction be denied; and (4) the action be remanded to allow for service on defendants Bergovkaya and Andrews. (Doc. 94). Plaintiff filed objections to the Report & Recommendation on March 3, 2006. (Docs. 101, 102 & 103). The Medical Defendants submitted a Response to Plaintiff's Objections on March 9, 2006. (Doc. 104). Plaintiff submitted further Exhibits in Support of his Objections on March 13, 2006. (Doc. 105). The matter is now ripe for resolution. For the reasons stated

below, the court will adopt the Report and Recommendation

**Discussion**

When objections to a report and recommendation have been filed, under 28 U.S.C. 636(b)(1)(c)), the court must make a *de novo* consideration of those portions of the report which have been objected to. *See* Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §636(b)(1); Local Rule 72.31. Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Plaintiff has filed two separate documents entitled "Objections to the Report and Recommendation of the Magistrate Judge."[2] (Docs. 101 & 103). Both briefs present the same seven (7) objections which the Plaintiff has identified as "issues being disputed." They are: "(1) that pursuant to Rule 56 (c) mandating the entry of Summary Judgment after adequate time for discovery; (2) that no genuine issue to a material fact has been established by the non-moving party; (3) that the moving party is entitled to judgment as a matter of law because the non-moving party has failed to make a sufficient showing of a [sic] essential

---

[2] It appears that Plaintiff sets forth objections related to the Medical Defendants' motion for summary judgment in one document (Doc. 101) and objections related to the Correction Defendants' motion for summary judgment in a second brief. (Doc. 103) The two briefs will be considered jointly.

element in his case; (4) that a motion for summary judgment for defendants should not be granted for failure to exhaust his administrative remedies; (5) that the Eighth Amendment failure to protect claim should be dismissed; (6) that Dr. Weinfried Berger, Ronald Long and Physicians Assistants Andrews and Hoffman were deliberately indifferent to plaintiff's medical needs and were negligent in their treatment; (7) that plaintiffs [sic] motion for preliminary injunction should not be dismissed." (Docs. 101 & 103).

While these stated objections are phrased in a challenging manner, a thorough review of Plaintiff's extensive filings and briefs, reveals that he is objecting generally to (1) the entry of summary judgment because issues of material facts remain; and (2) the dismissal of his motion for preliminary injunction. Specifically, he argues that summary judgment is not proper because: (1) he did not fail to exhaust administrative remedies; (2) the Medical Defendants were deliberately indifferent to Plaintiff's medical needs and negligent in the treatment they did provide; (3) the Eight Amendment claim is viable because of the Defendants' deliberate indifference. Finally, Plaintiff alleges that summary judgment is improper since Magistrate Judge Mannion's denial of his Petition for Subpoenas resulted in denying Plaintiff access to discoverable documents which would support his claims.

*(1) Failure to Exhaust*

Plaintiff's complaint sets forth allegations of negligence and inadequate medical treatment against the Corrections Defendants. Plaintiff argues that he has exhausted his administrative remedies on both claims and in support of this argument he has filed several

4

grievances, responses, and Inmate Request to Staff Member forms as part of the record. These documents only raise claims pertaining to the medical treatment which Plaintiff was receiving. Plaintiff acknowledges that no grievance response addressed the issue of negligence but that he nonetheless fulfilled the exhaustion requirement on the negligence issues because his initial grievance "began ... with the wording that plaintiff had injured himself while working in the kitchen area by slipping and falling." (Doc. 103).

The Prison Litigation Reform Act of 1995 declares that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Accordingly, prior to bringing a federal lawsuit, a prisoner must exhaust the administrative remedies available. This requirement has been held to stand even where the type of relief sought by the prisoner is not available through the state administrative process. Booth v. Churner, 532 U.S. 731 (2001).

Plaintiff contends that he combined his negligence and inadequate medical care claims within one grievance so as to properly support his claim. He argues that it is unfair to punish him for failure to exhaust since he is not responsible for the grievance coordinator's failure to address both claims presented. The flaw in Plaintiff's argument is that his grievances do not present an actual negligence claim but rather only background information which incidently sets forth the place and occurrence of the accident. It is clear that the issue

5

being addressed throughout his administrative challenges is solely inadequate medical care. As such it would be entirely unnecessary for the response to Plaintiff's grievances to address the issue of negligence. Consequently, Plaintiff failed to exhaust his administrative remedies on the issue of negligence. Further, inasmuch as the record reflects that Plaintiff has only exhausted his Eighth Amendment claim for inadequate medical treatment, his Eighth Amendment claim for failure to protect must also be dismissed for failure to exhaust.

*(2) Eighth Amendment Issues*

*(a) Corrections Defendants*

Plaintiff contends that the Corrections Defendants acted with deliberate indifference by failing to secure a known dangerous area. In support of his deliberate indifference allegation, Plaintiff cites reports of malfunction, accidents and electric shocks related to the same oven which was allegedly leaking the substance that caused Plaintiff's fall and subsequent injuries. He also attaches his own affidavit in addition to the Affidavits of inmate James Knuckles and inmate Ivan Correa.[3]

The Magistrate Judge recommended that summary judgment was appropriate on this issue since the affidavits Plaintiff supplied in support of his brief in opposition did not indicate that the Corrections Defendants knew of a dangerous condition prior to Plaintiff's fall. At this late date, Plaintiff is attempting to supplement the affidavits to reflect the

---

[3] These affidavits add more specific statements to the original affidavits made by Correa and Knuckles.

requisite degree of particularity which the Magistrate Judge indicated was necessary to successfully oppose a summary judgment motion. However, Mr. Correa's affidavit still fails to indicate that the Corrections Defendants had knowledge of the wet area on the floor. Rather, he merely states that he has witnessed the wet area and that, at the time of Plaintiff's injury, there were no posted wet floor signs. (Doc. 102, p.2). Plaintiff's affidavit serves merely to elaborate the allegations he has already set forth in his complaint. He generally states that he "made several attempts to have staff members aware of the dangers" and that the Corrections Defendants were "aware of the water leakage" and were further "aware of the hazard that this oven presented." (Doc. 102). He does not state that he personally notified the Corrections Defendants of the problem. Instead he explains only that he attempted to notify the Corrections Defendants and that they had a general knowledge of problems with the particular oven. (Doc. 102). Plaintiff "may not rest upon mere allegations, general denials, or ... vague statements" in opposing a summary judgment motion. Port Authority of New York and New Jersey v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002) *citing* Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.1991). Mr. Knuckles' affidavit testifies to the presence of water which caused Plaintiff's fall. He also states that he has informed the kitchen staff of this danger. However, he fails to indicate whether he made the kitchen staff, including the Corrections Defendants, aware of the problem before or after the Plaintiff's fall.

   The Plaintiff still fails to point to any substantive evidence establishing knowledge

7

on the part of the Correction Defendants. Even if the supplemented affidavits established an issue of material fact, the Eighth Amendment claims against the Corrections Defendants must fail since Plaintiff has failed to exhaust these claims.

*(b) Medical Defendants*

Plaintiff argues that he has provided evidence sufficient to establish deliberate indifference to his medical needs, as required for a successful Eighth Amendment claim. He cites specifically to the Medical Defendants' delay in treating his medical condition, failure to recommend surgical intervention, and failure to conduct diagnostic tests. Despite Plaintiff's complaints, the record indicates continuous and timely treatment of his condition by the medical defendants. The Magistrate Judge accurately summarizes that the Plaintiff received medical exams or treatment for his complained of injury on at least fifty-nine (59) occasions. (Doc. 71, Ex. A). He additionally received x-rays and steroidal injections. (Doc. 71, Exs. B&C). Finally, he was prescribed medication on numerous occasions and was further offered treatment involving icing and wrapping the injury and limiting physical activity. (Doc. 71).

Plaintiff argues, in sum, that he could have received alternative treatments or more timely treatments which, in his opinion, would have alleviated the pain associated with his condition. "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Mere disagreement as to the course of medical treatment does not support a claim of an Eighth

8

Amendment violation. <u>Monmouth County Correctional Institution Inmates v. Lensaro</u>, 834 F.2d 326, 346 (3d Cir.) *cert. denied* 486 U.S. 1006 (1988). In order to succeed on an Eighth Amendment claim, Plaintiff must show deliberate indifference to his serious medical need. <u>White v. Napoleon</u>, 897 F.2d 103, 108 (3d Cir. 1990). "'Deliberate indifference' requires 'obduracy and wantonness' which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." <u>Rouse v. Plantier</u> 182 F.3d 192, 197 (3d Cir. 1999) *citing* <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).

The Plaintiff's medical treatment records show no indication that the Medical Defendants in anyway disregarded Plaintiff's condition or were reckless in their treatment. Quite to the contrary, the records show attentiveness to the Plaintiff's complaints, which were addressed repeatedly. Further they illustrate, *inter alia*, that Medical Defendant Berger considered Plaintiff's request for surgery but declined to recommend it since he did not think it was advisable since there was "no easy and consistent surgical solution" to the Plaintiff's problem. (Doc 32, p. 48). Finally, they indicate reasons for the denial of particular treatments and the delay in providing specific treatments.

It is clear that the Plaintiff received extensive treatment for his injury. Any delay in providing this treatment was incidental and Plaintiff has not pointed to any purposeful delay in the treatment.[4] Plaintiff's mere disagreement with the Medical Defendants' course

---

[4] In his Objections, Plaintiff contends that a nerve conduction study which was ordered in August 2005 was not performed until December 2005. Not only does this delay seem reasonable but its occurrence post-dates the filing of Plaintiff's complaint and as such

9

of treatment does not entitle Plaintiff to relief under the Eighth Amendment. Therefore, the Medical Defendants should properly be granted summary judgment.

*(3) Subpoena Issues*

In his Objections, Plaintiff argues that the Magistrate Judge erred in denying Plaintiff's Petition for Subpoenas. This court has already denied Plaintiff's Appeal of the Magistrate Judge's denial of Plaintiff's Petition for Subpoenas. (Doc. 89). A liberal reading of Plaintiff's objections indicates that he feels, as a result of the denial, he has been prevented from accessing Neurological Reports which allegedly recommend a surgical remedy for Plaintiff's injury. It appears that Plaintiff has now received and provided the Court with the neurological reports he was seeking, in which case his argument is moot. (Doc. 105). Although the reports are not explained, they appear to indicate agreement with the medical Defendants' assessment of Plaintiff's injury. They recognize the existence of an injury but at least one report states doubt that "any type of surgery will prove curative." (Doc. 105, p. 8). Even if these reports recommended surgery or if additional reports recommending surgery exist, Plaintiff has still not stated an actionable claim. An Eighth Amendment claim is not stated when one doctor disagrees with the professional judgment of another doctor since there may be several acceptable ways to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Since the court has already ruled on the subpoena issue and since Plaintiff has failed to provide additional support for his argument, the Plaintiff's objection is

---

any alleged deliberate delay is not properly before this court.

without merit.

*(4) Plaintiff's Motion for Preliminary Injunction*

Plaintiff has not presented any argument in support of his general assertion that his motion for preliminary injunction should not be dismissed. Since Plaintiff has failed to advance a particular argument in support of his objection and since the above discussion confirms that Plaintiff has not shown a probability of success on the merits, as is required to warrant a preliminary injunction, the motion for preliminary injunction will be denied.

**Conclusion**

No objections were made to the portions of the Report and Recommendation which recommended that the action be remanded in order to allow Plaintiff to provide adequate information in order to effect service upon Defendants Bergovkaya and Andrews. Likewise, the Plaintiff did not object to the denial of his state claim for intentional infliction of emotional distress. After careful review and in the exercise of sound judicial discretion, the Court adopts the Magistrate Judge's Report and Recommendation.

s/ William J. Nealon
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP QUINN,

    Plaintiff,

vs.

JOHN PALAKOVICH, ET AL.,

    Defendants

CIVIL ACTION NO. 3:04-1894

(JUDGE NEALON)
(MAGISTRATE JUDGE MANNION)

## ORDER

ACCORDINGLY, THIS 14th DAY OF MARCH 2006, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 94) is ADOPTED;

2. The Motion for Summary Judgment by defendants Finkle, Moore, and Everheart (Doc. 69) is GRANTED;

3. The Motion for Summary Judgment by defendants Long, Berger, and Hoffman (Doc. 71) is GRANTED;

4. The Plaintiff's Motion for Preliminary Injunction (Doc. 45) is DENIED;

5. The instant action is remanded to the magistrate judge in order to allow Plaintiff to provide proper information to effect service upon defendants Bergovkaya and Andrews.

6. The Clerk of Court is directed to terminate defendants Long, Berger, Hoffman, Finkle, Moore and Everheart.

                          s/ William J. Nealon
                          United States District Judge